CHARLA R. DUKE, ESQ. SBN# 095518
LAW OFFICES OF CHARLA R. DUKE
1 Lakeside Drive  Suite 203
Oakland , California  94612
Telephone (510) 839-5453
Fax (510) 839-0343
Attorney for Plaintiff
MONROE QUINN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONROE QUINN , <br><br> Plaintiff, <br><br> vs. <br><br> MONEY MART, 537 DIVISADERO STREET, SAN FRANCISCO, CA <br> and DOES 1-10 Inclusive, <br><br> Defendants. | Case No.: <br><br> <u>Civil Rights</u> <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DISCRIMINATION AGAINST PERSONS WITH DISABILITIES; AMERICANS WITH DISABILITIES ACT OF 1990; CAL. CIVIL CODE §§ 54, ET SEQ.; CAL. CIVIL CODE §§51, ET SEQ.; CAL. HEALTH AND SAFETY CODE §§19955, ET SEQ.; CAL BUS. & PROF. CODE §17200. ET SEQ.; NEGLIGENCE; DECLARATORY RELIEF; DAMAGES <br><br> <u>DEMAND FOR A JURY TRIAL</u> |

**INTRODUCTION**

1.   Plaintiff complains of Defendants herein and alleges that:

Plaintiff MONROE QUINN  complains of Defendants MONEY MART, (Hereinafter, collectively referred to as "MONEY MART "), and does 1-10, Inclusive, and each of them and alleges as follows:

QUINN v. MONEY MART (537 Divisadero St)        1

**JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. sections 1343(a) (3) and 1343 (a) (4) for claims arising under the Americans With Disabilities Act of 1990, 42 U.S.C. sections 12101, et. seq.  Plaintiff's cause of action across in this district, Under this doctrine of pendant and supplemental jurisdiction, this Court has jurisdiction over Plaintiff's claims existing under California State law.

**VENUE**

2.     Pursuant to 28 U.S.C. sections 1391 (b), venue is proper in the District in which this Complaint is filed, which is the judicial district in which the claim has arisen.  MONEY MART  is a corporation doing business in California.

**3.**     MONROE QUINN , is physically a disabled person who uses a wheelchair for mobility.  The MONEY MART is located at **537 DIVISADERO STREET**, SAN FRANCISCO, CA.  When Plaintiff MONROE QUINN  attempted to patronize this MONEY MART,  MONROE QUINN  found that the MONEY MART 's counters were not accessible and usable by disabled persons as required under California law.  Access to the MONEY MART ' S facilities is also denied due to the MONEY MART'S failure to remove barriers to access as required by the Americans with Disabilities Act of 1990 (hereinafter "ADA").  This lawsuit is brought to require the MONEY MART to modify its facilities, including the cashiers' counters and writing tables, and so as to provide to all disabled persons the accessible facilities to which they are entitled under state and federal law.

**FACTUAL ALLEGATIONS**

4.      The Attorney  General of the State of California believes that the former $1,000.00 damage award is unlikely to have sufficient deterrent effect on the discriminatory practice of a large company.   Defendant may have had hundreds or thousands of  transactions that violated the Americans with Disabilities Act of  1990 and the California's Unruh Civil Rights Act and which would have unjustly enriched them. Thus, the prospect of paying an occasional four thousand dollars ( $4,000.00) damage award due to a discriminatory practice may be calculated as an absorbable cost of doing business. The minimum amount was increased to at least $4000.00.  See California's Unruh

QUINN v. MONEY MART (537 Divisadero St)          2

1  Civil Rights Act Section 52(a), Amended January 1st, 2002. This legislation was supported by
2  California Attorney General, Anti-Defamation League and California School Employees
3  Association.
4  5.    California's Unruh Civil Rights Act, Civil Code Section 52 (a) reads as follows: whoever
5  denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51,
6  51.5 or 51.6, is liable for each and every offense for the actual damages, and any amount that may
7  be determined by a jury, or a court sitting without jury, up to a maximum of three times the amount
8  of actual damage but in no case less than four thousand dollars ($4000.00), and any attorney's fees
9  that may be determined by the court in addition thereto, suffered by and person denied the rights
10 provided in Section 51, 51.5, or 51.6, Amended January 1st, 2002.
11 6.    The United States Court of Appeals for the Ninth Circuit in <u>Botosan</u> vs. <u>Paul McNally</u>
12 <u>Realty,</u> 216 F. 3rd 827 at 835 (June 20, 2002) held that, "Consumer was entitled to award of
13 statutory minimum damages under California's Unruh Civil Rights Act, even without proof of actual
14 damages ", and proof of actual damages is not prerequisite to recovery of statutory minimum
15 damages under California's Unruh Civil Rights Act." West's Ann.Cal.Civ.Code § 52.
16 7.    Plaintiff MONROE QUINN is a "physically handicapped" or physically disabled person who
17 was denied his rights to "full and equal access" to a public facility by Defendants, and each of them,
18 because they maintained and continue to operate public facilities which do not provide proper access
19 for physically disabled persons as required by law. These access deficiencies include but are not
20 limited to: **CASHIERS' COUNTERS:** the height of the cashiers' counter is approximately 40-1/2
21 inches above the finished floor, which exceeds the maximum allowed by the code, by 6-1/2 inches.
22 **CODE VIOLATION:** The tops of tables and counters shall be 28 inches to 34 inches from the floor
23 or ground. (CBC 122B.4)  **2) WRITING TABLES:** the writing table is approximately 42 inches
24 above the finished floor, which exceeds the maximum height by code by 8 inches. **CODE**
25 **VIOLATION:** The tops of tables and counters shall be 28 inches to 34 inches from floor to ground
26 (CBC 1112B.4).  3  By this lawsuit, Plaintiff seeks damages for the violation of his Civil Rights, and
27 Plaintiff also requests that this Court grant injunctive relief, requiring the Defendants to comply with
28

QUINN v. MONEY MART (537 Divisadero St)      3

1  both California and United States laws requiring access to the MONEY MART and its facilities for
2  physically disabled persons so long as Defendants operate the premises as a public facility.
3  8.     Plaintiff and other physically disabled persons are unable to use public facilities such as those
4  owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance
5  with the provisions of the ADA.  Plaintiff is a member of that portion of the public whose rights are
6  protected by the provisions of ADA . The acts and omissions of the Defendants complained of herein
7  were committed in the City of SAN FRANCISCO, State of California.
8  9.     Plaintiff MONROE QUINN is a "person with disabilities," or a physically handicapped
9  person, who requires use of a wheelchair for mobility.  Hereinafter, the words "physically disabled"
10 and "physically handicapped" are used interchangeably as these words have similar or identical
11 common usage and legal meaning. However, the legislative scheme in Part 5.5 of the Health &
12 Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act,
13 California Civil Code §§51 and 52, and the Disabled Persons Act, §§54, 54.1, 54.3 and 55, and other
14 statutory measures refer to protection of the rights of "physically disabled persons" and of
15 "individuals with a disability ."
16 10.    Defendants MONEY MART and DOES 1-10, Inclusive, are the owners and operators, lessor
17 and/or lessees of the MONEY MART, a public facility located at **537 DIVISADERO STREET,**
18 **SAN FRANCISCO**,  County of SAN FRANCISCO, State of California. This building is a "public
19 accommodation or facility" subject to the requirements of the Americans With Disabilities Act of
20 1990 and California Civil Code §§51, 54, 54.1 et seq.  Plaintiff does not know the true names,
21 capacities, and responsibilities regarding the subject premises of the Defendants sued herein as
22 DOES 1-10, and therefore sues them under such fictitious names. On information and belief, such
23 Defendants are corporations and natural persons whose residences are in state of California. Plaintiff
24 is informed and believes that all such Defendants have had and continue to have some form of
25 control or legal responsibility for the maintenance ownership and/or operation of the MONEY
26 MART during periods of time relevant to this Complaint. After appropriate discovery, Plaintiff will
27 seek leave of the Court to amend this Complaint to identify said DOES when such Defendants' true
28 names, capacities, and responsibilities have been ascertained.

11.     Plaintiff is informed and believes that each of the Defendants herein is the agent, employee, alter ego or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative or alter ego capacity, and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damage complained of herein. Further, all acts and omissions of each such Defendant were done as part of a joint venture and common enterprise among all Defendants, for which they are all jointly and severally liable.

12.     Plaintiff MONROE QUINN was and is all times relative to this Complaint, a physically disabled person as defined for purposes of protections of the §§54ff, Civil Code, the Disabled Rights Acts, and the protections of Part 5.5 of the Health & Safety Code: "Access to Physically Handicapped Persons." Plaintiff MONROE QUINN , is physically disabled and often requires the use of a wheelchair; he cannot climb stairs, climb curbs, or enter narrow doorways in his wheelchair because of his disability, and needs use of the other protections required by law for the protection of disabled persons.

13.     Public Accommodations which offer services to the public such as MONEY MART facilities, are public accommodations and facilities within the meaning of Americans with Disabilities Act of 1990.

14.     Within the past year, Plaintiff MONROE QUINN came to the MONEY MART in his wheelchair on more than one occasion, for business purposes, with the intention of inquiring about cashing a check. Plaintiff found the MONEY MART provides inadequate access to people with disabilities, including, intern alia: inaccessible service counters. These barriers make it impossible for persons with mobility disabilities, such as Plaintiff, to access the SUBJECT FACILITY without assistance.

15.     Despite Plaintiff making repeated Complaints and afterwards to managers and assistant managers at the MONEY MART with regard to access problems, Defendants took no action to rectify the inaccessible conditions. Defendants have known that MONEY MART facility, violated disability accesses requirements and standards and refuses to rectify the violations. It is clear that failure to act constitutes violations of the ADA.

16. On information and belief, inside the MONEY MART, Plaintiff will be unable to deal directly with any of the MONEY MART cashiers as none of the cashiers' windows were configured with the legally required lowered counter level. On inquiry of the cashiers, Plaintiff was told that there were no lowered counters, nor were other accessible accommodations available for Plaintiff's use as a wheelchair user.

17. The MONEY MART did not display signs at any door or anywhere on the premises designating any accessible accommodations for use by physically disabled persons.

18. On information and belief, to the date of filing of this Complaint, on or about November15, 2003, there are still no accessible features at this MONEY MART in each of the respects complained of hereinabove.

19. As the result of his negative experiences upon patronizing the MONEY MART described hereinabove, Plaintiff MONROE QUINN suffered violations of his Civil Rights and of his statutory rights as a disabled person to full and equal access to public facilities and further suffered physical, mental and emotional pain, and suffered embarrassment, humiliation and emotional distress, all to his damages as hereinafter prayed.

20. Plaintiff MONROE QUINN is informed and believes and therefore alleges that Defendants and each of them caused the subject building and MONEY MART to be constructed, altered and maintained in such a manner that physically disabled persons were denied full and equal access to, within and throughout said building, and full and equal use of said public facilities. Further, on information and belief, Defendants and each of the facilities in such conditions up to the present time, despite actual and constructive notice to such.

21. Defendants, and each of them, that the configuration of the building was in violation of the Civil Rights of handicapped persons, such as Plaintiff MONROE QUINN . Such construction, modification, ownership, operation, maintenance and practices of such a public facility is in violation of law as stated in Americans With Disabilities Act of 1990.

22. On information and belief, the subject MONEY MART and DOES 1-10 denied full and equal access to disabled persons in other respects due to non-compliance with requirements of the Americans with Disabilities Act of 1990.

23.     <u>General Damage</u> - As a result of the refusal by Defendants and each of them to comply with statutory requirements or otherwise provide reasonable access for disabled persons to the subject MONEY MART.  MONROE QUINN was denied his rights to full and equal access to and use of public facilities and was discriminated against on the sole basis that he was physically disabled and used a wheelchair, and was unable to independently access the cashiers' counters at the subject MONEY MART or use on a "full and equal" basis the other inaccessible facilities as specified hereinabove.  Denial of full and equal access to Plaintiff MONROE QUINN also embarrassed and humiliated Plaintiff. Defendants' acts have caused Plaintiff physical and psychological pain, discomfort, suffering, emotional distress and general and statutory damages.

24.     <u>Attorneys' Fees</u> - As a result of Defendants' acts and omissions as hereinabove described, Plaintiff has been required to incur legal costs and litigation expenses and hire an attorney in order to enforce Plaintiff's right and enforce provision of the law protecting access for the disabled and prohibiting discrimination against the disabled, and to take such action both in his own interest and in order to enforce an important right affecting the public interest. Plaintiff therefore seeks recovery in this lawsuit for all attorney's fees, litigation expenses and costs incurred, pursuant to the provisions of §1021.5 of the Code of Civil Procedure. Plaintiff additionally seeks attorney's fees pursuant to §§54.3 and 55 of the Civil Code.

## FIRST CAUSE OF ACTION:
## VIOLATION OF DISABLED PERSONS ACT
## CIVIL CODE §§54, 54.1, 54.3 ET SEQ,
## DENIAL OF EQUAL ACCESS TO PHYSICALLY DISABLED PERSONS

24.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 23 of this Complaint and incorporates them herein as if separately replead.

25.     At all times relevant to this action, California Civil Code §54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability. This

section provides that:

> ….physically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, airplanes, motor vehicles,…or any other public conveyance or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to state or federal regulations, and applicable alike to all other persons.

26. California Civil Code §54.3 provides that any person or corporation who denies or interferes with admittance to, or enjoyment of the public facilities as specified in §54 and §54.1 is liable of EACH such offense for the actual damages and any amount up to a maximum of these times the amount of actual damages, but in no case less than $4,000.00 and such attorneys' fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in §54 and §54.1, for services necessary to enforce those rights.

27. Plaintiff is a person within the meaning of Civil Code §54 and §54.1 whose rights have been infringed upon and violated by the Defendants as prescribed by §54.1. A separate act in violation of §54.1 has been committed WHEN EVER Defendants knowingly and willfully fail and refuse to provide full and equal access for physically disabled persons at the MONEY MART. Plaintiff has been denied full and equal access on an ongoing basis since filing the Complaint.

28. Further, any violation of the Americans With Disabilities Act of 1990, (as plead in the SECOND Cause of Action hereinbelow, the contents of which are replead and incorporated herein, word for word, as if separately replead), also constitutes a violation of §§54 and 54.1 (d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law.

29. Plaintiff has been damaged by Defendants' wrongful conduct and seeks the relief that is afforded by §§54.1, 54.3 and 55 of the Civil Code. Plaintiff seeks actual damages, treble damages, preliminary and injunctive relief to enjoin and eliminate the discriminatory practices of Defendants disrespecting disabled persons, and for reasonable attorneys' fees, litigation expenses and costs.

30. The act and omission of Defendants as complained of continue on a day-to-day basis to have the effect of allowing Defendants to willfully and wrongfully exclude Plaintiff and other members of the public who are physically disabled from full and equal access to the MONEY MART facilities.

Such acts and omissions are the direct cause of humiliation and mental and emotional suffering to Plaintiff and that these actions treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is physically disabled and unable to use and have access to public facilities of the Defendants on an equal basis to that available to other persons, so long as the facilities fail to provide proper and legally required access for disabled persons. Said acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

31.     WHEREFORE, Plaintiff asks this Court to enjoin any continuing refusal by Defendants to grant such access to Plaintiff and to enjoin operation of the MONEY MART as a public facility and public place of business until Defendants comply with all applicable statutory requirements related to access to the handicapped, and that the Court award statutory attorneys' fees, litigation expenses and costs pursuant to Civil Code §55 and Code of Civil Procedure §1021.5 and as further herein prayed for.

WHEREFORE, Plaintiff prays for damages and injunctive relief as hereinafter stated.

## SECOND CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
## 42 USC §12101FF

32.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through 33 of this Complaint and incorporates them herein as if separately replead.

33.     Pursuant to law in 1990, the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities" and that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; that the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals; and that the

continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities of which our free society is justifiably famous."

34.    Congress stated as its purpose in passing the Americans with Disabilities (42 USC §12101 (B)):

   (1)    It is the purpose of this act to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

35.    As part of the Americans with Disabilities Act of 1990, Public Law 101-336, (hereafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among the Public accommodations identified for purposes of this title were all businesses that offer any service to the public. (See (§301(7)(F)).

36.    Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

37.    Although the specific prohibitions against discrimination were included, in §302(b)(2)(a)(iv), "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities… where such removal is readily achievable;" and (v) "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are "readily achievable."  The acts of Defendants set forth herein are a violation of Plaintiff's rights under the "ADA," Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff. The standards of the ADA are also incorporated into §§54.3 and 55 of the Civil Code.

38. The removal of each of the barriers complained of by Plaintiff MONROE QUINN as hereinabove alleged was at all time after January 26, 1992 "readily achievable." As noted hereinabove, removal of each of the architectural barriers complained of were already required under existing California law. Further, at all times since January 26, 1992, modification of or removal of each of the above described individual barriers was "readily achievable" under the factors specified in §301(9) of the Americans with Disabilities Act and regulations adopted pursuant to that section. On information and belief, Defendants failed to "address" any of these problems, even after MONROE QUINN 'S difficulties in obtaining access were made clear to Defendants and their agents.

39. Per §301(9), 42 USC 12181, the term "readily achievable" means "easily accomplished and able to be carried out without much difficulty or expense." Plaintiff alleges that each of the items that Plaintiff has complained about hereinabove was and is "readily achievable" by the Defendants under the standards set forth under §301(9) of the Americans with Disabilities Act at all times since January 26, 1992. Further, if it was not "readily achievable" for Defendants to remove each of such barriers, Defendants have failed to make the required services available through alternative methods, which were readily achievable.

40. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a) – 3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. Further, each violation of the ADA which Plaintiff alleges is occurring on a daily, continuing and ongoing basis, also constitutes a violation of §§54(c) and §54.1(d) California Civil Code, further entitling Plaintiff to the rights and remedies of §54.3 Civil Code, including damages and attorneys' fees and costs, and injunctive relief per §55 Civil Code.

41. Per §308 (a) (1) (42 USC 12188), "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actually noticed that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this last section, Plaintiff, on information and belief, alleges that Defendants have continued to violate the law

and deny the rights of Plaintiff and of other disabled persons to access this public accommodation. Pursuant to §308 (b)(2)(A)(iv) … injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title." Plaintiff seeks such injunctive relief.

42.   Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000 (a) –3(a), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.

WHEREFORE, Plaintiff prays that this Court grant relief and damages as follows

### THIRD CAUSE OF ACTION
### (UNFAIR BUSINESS PRACTICE-INJUNCTIVE RELIEF ONLY;
### Cal. Bus. & Prof. Code Section 17200, et seq.)

43.   Plaintiff incorporates by reference herein the allegations in paragraphs 1-42, inclusive.

44.   Defendant's conduct, as alleged, is part of a general business practice by Defendants. Defendant has made a considered decision to promote profit at the expense of Defendant's legal obligations to patrons with disabilities.

45.   Defendant's policies and practices constitute an unfair business practice within the meaning of California Business and Professions Code Sections 17200, et. seq., in that inter alia, Defendants appeals to, advertisers to, and purports to serve persons with disabilities, yet Defendant's facility is inaccessible and illegal, in violation of public policy.

46.   Plaintiff is entitled to an injunction restraining Defendants from engaging in any or omission, the effect of which is to cause, directly or indirectly, discrimination by Defendants against person with disabilities.

47.   Plaintiff is also entitled to attorneys' fees and costs.

WHEREFORE, Plaintiff requests relief as set forth below.

### PRAYER FOR RELIEF

**FIRST CAUSE OF ACTION – STATUTORY VIOLATIONS**

1. General and compensatory damages according to proof;
2. Special and consequential damages according to proof;
3. For attorneys' fees, litigation expenses and costs pursuant to §1021.5 of the Code of Civil Procedure, §19953 Health & Safety Code;
4. For all costs of suit;
5. For pre-judgment interest pursuant to §3291 of the Civil Code;
6. That Defendants be preliminarily and permanently enjoined from operating and maintaining the MONEY MART in violation of the Americans with Disabilities Act of 1990 or other regulations as are currently required by law;
7. Such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

**FULL AND EQUAL ACCESS PER §§54 AND 54.1 CIVIL CODE**

1. General and compensatory damages according to proof;
2. All damages as afforded by Civil Code §54.3 for each day on which Defendants have denied to Plaintiff equal access for the disabled;
3. Attorneys' fees, litigation expenses and costs pursuant to §54.3 and §55 of the Civil Code, and §1021.5 Code of Civil Procedure;
4. For all costs of suit;
5. Pre-judgment interest pursuant to §3291 of the Civil Code;
6. That Defendants be enjoined from operating the MONEY MART as a public accommodation and facility open to the public, so long as disabled persons are not provided full and equal access to the accommodations and facilities, as provided by §51, 54, 54.1, 55 et seq., of the Civil Code;
7. Such other and further relief as the Court may deem just and proper.

### THIRD CAUSE OF ACTION – ADA VIOLATIONS

1. FOR INJUCTIVE RELIEF INCLUDING ORDERING Defendants "to alter the facilities to make such facilities readily accessible to and usable by individuals with Disabilities," per §308(a)(2) of Public Law 101-336, (42 USC §12188);

2. For attorneys' fees, litigation expenses and costs of suit;

3. For such other and further relief as the Court may deem proper.

### FOURTH CAUSE OF ACTION- UNFAIR BUSINESS PRACTICE
**Cal Bus. & Prof. Code Section 17200, et seq.**

1. Plaintiff is entitled to an injunction restraining the Defendants from engaging in any act or omission, or failing to engage in any act or omission, the effect of which is to cause, directly or indirectly, discrimination by Defendants against person disabilities.

2. Plaintiff is also entitled to attorneys' fees and costs.

Dated: November15, 2003                    CHARLA R. DUKE
                                           LAW OFFICES OF CHARLA R. DUKE
                                           Attorney for Plaintiff

QUINN v. MONEY MART (537 Divisadero St)      14

MONROE QUINN

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: November 15, 2003

CHARLA R. DUKE
LAW OFFICES OF CHARLA R. DUKE
Attorney for Plaintiff
MONROE QUINN